## Case No. 16,429.

UNITED STATES v. TALLMAN et al.

SAME v. PIKE.

[10 Blatchf. 21. ][1]

Circuit Court, S. D. New York. June 3, 1872.

CRIMINAL LAW — QUASHING INDICTMENT — SELECTION OF GRAND JURY—STATE LAWS.

1. The decision in U. S. v. Reed [Case No. 16.134], cited and approved.

2. A motion to quash an indictment was heard on an agreed statement of facts, without putting the defendant to plead the matters alleged as grounds for the motion.

3. The provisions of the Revised Statutes of the state of New York (2 Rev. St. p. 724, §§ 27, 28), are, by the act of congress of July 20, 1840

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

(5 Stat. 394), made applicable to the federal courts, and no challenge to an array of grand jurors, or to any person summoned to serve as a grand juror, and no objection to the competency of any person summoned to serve as a grand juror, can be allowed, other than an objection to a grand juror, before he is sworn, on the ground that he is the prosecutor, or complainant, on a charge, or is a witness on the part of the prosecution, and has been subpœnaed, or been bound in a recognizance, as such.

[Cited in U. S. v. Coppersmith, 4 Fed. 199; Brewer v. Jacobs, 22 Fed. 234.]

4. Irregularities in the summoning of grand jurors do not entitle a party indicted, as matter of law, to avoid the indictment.

5. Where the accused shows that he has been prejudiced by irregularity or fraud in designating, summoning, and returning the grand jury, he has his remedy, by motion to the court, for relief.

6. The rule of this court, of November 11, 1867, in regard to the designation and selection of jurors, is a proper provision.

7. It not being shown that the officers acting in this case, under that rule, had not acted in good faith, in compliance therewith, and no fraud being alleged, nor any prejudice to the accused, a motion to quash the indictment, on the ground of alleged irregularities in selecting the grand jurors, was denied.

[Approved in U. S. v. Tuska, Case No. 16,550.]
[Cited in People v. Lauder, 82 Mich. 135, 46 N. W. 964.]

8. A grand jury selected and drawn in accordance with that rule, is not irregularly or illegally selected or drawn.

9. The act of July 20, 1840, does not require literal conformity to the mode of selecting and drawing jurors prescribed by the state laws, but only substantial conformity, and that only as far as is practicable.

[Cited in U. S. v. Richardson, 28 Fed. 69.]

10. What is thus practicable, defined.

These were motions to quash indictments [against John C. Tallman and others and Samuel C. Pike], on the ground, that, in selecting and designating the persons forming the grand jury by which the indictments were found, the mode practised in the highest court of law of the state of New York, in selecting and designating grand jurors to serve therein, was not followed. The provision on the subject, in the laws of the United States, is the act of July 20, 1840 (5 Stat. 394), in these words: "Jurors to serve in the courts of the United States, in each state respectively, shall have the like qualifications, and be entitled to the like exemptions, as jurors of the highest court of law of such state now have and are entitled to, and shall hereafter, from time to time, have and be entitled to, and shall be designated by ballot, lot, or otherwise, according to the mode of forming such juries now practised, and hereafter to be practised, therein, in so far as such mode may be practicable by the courts of the United States, or the officers thereof; and, for this purpose, the said courts shall have power to make all necessary rules and regulations, for conforming the designation and empannelling of juries, in substance, to the laws and usages now in force in such state, and,

further, shall have power, by rule or order, from time to time, to conform the same to any change in these respects which may be hereafter adopted by the legislatures of the respective states for the state courts."

Noah Davis, U. S. Dist. Atty.

Edwards Pierrepont, William Stanley, and Thomas Harland, for defendants.

WOODRUFF, Circuit Judge. We are of opinion that the decision of Justices Nelson and Hall, in this circuit, at a term held for the Northern district of New York (U. S. v. Reed [Case No. 16,134]), disposes of the questions raised by the motion to quash the indictments in these cases; and in that decision we fully concur. It was there distinctly held, that the provisions of the Revised Statutes of the state of New York (2 Rev. St. p. 724, §§ 27, 28), prescribing the objections that may be taken to the organization of grand juries, are, by the act of congress of July 20, 1840 (5 Stat. 394), made applicable to the federal courts; and, therefore, that "no challenge to the array of grand jurors, or to any person summoned to serve as a grand juror, shall be allowed in any other cases than such as are specified" in the twenty-seventh section of the state statute. Those provisons are as follows:

"Sec. 27. A person held to answer to any criminal charge, may object to the competency of any one summoned to serve as a grand juror, before he is sworn, on the ground that he is the prosecutor or complainant upon any charge against such person, or that he is a witness on the part of the prosecution, and has been subpœnaed, or been bound in a recognizance, as such; and, if such objection be established, the person so summoned shall be set aside.

"Sec. 28. No challenge to the array of grand jurors, or to any person summoned to serve as a grand juror, shall be allowed in any other cases than such as are specified in the last section."

There is no allegation or claim, in the present cases, that the objections which may be made to grand jurors, under the twenty-eighth section, are or can be urged against the grand jurors by whom these indictments were found.

It was further held, in the case cited, that causes of challenge to the array, which might have been urged if the statute of the state had not been applied to the federal court, no longer sustained such a challenge; that irregularities in the summoning of grand jurors do not entitle the party indicted, as matter of law, to avoid the indictment; that, for such causes, the challenge to the array is wholly abolished; and that something more than irregularity must exist, to entitle the party to avoid the indictment. What that must be is plainly indicated as follows: "It by no means follows that the accused has no remedy in a case where there has been any improper conduct on

the part of the public officers employed in the designating, summoning and returning of the grand jury. If there has been any improper conduct on the part of those officers, in performing that service, or if any fraud has been committed through their instrumentality, in the drawing, summoning or organization of the grand jury, of course, the accused who may be prejudiced thereby, has his remedy, by motion to the court, for relief, in consequence of such irregularity or fraud. Because, the selecting, summoning and returning of grand jurors are proceedings which are always under the general supervision and control of the court, and the court will guard them, and will see to it that no one shall be prejudiced thereby. The court has general power to preserve the pure administration of justice, and its sound discretion will always be exercised freely for the purpose of securing that end." * * * "It will, therefore, look into the facts presented, on which a charge is made against the regularity of the proceedings in the selection and summoning of grand jurors in a given case, and will hear the explanations on the other side, and its judgment will be determined accordingly. If it sees that there has been improper conduct in the public, officers, which has resulted prejudicially to the party accused, it is bound to set aside all the proceedings. On the contrary, although there may be technical objections to the proceedings, in point of strict regularity, yet, unless the court is satisfied that they have resulted, or may result, to the prejudice of the party accused, it will not set them aside, because its interposition in the case will not be required on the ground of justice either to the accused or to the public." These views are reiterated by Mr. Justice Nelson, in the opinion of the court in the case referred to, and are applied where no order for a venire, except a verbal one, was made, and where, in fact, a grand jury was convened without a venire having been issued at all. That this was an irregularity was not doubted.

We have heard the argument of the question here upon a motion to quash, founded upon an agreed statement of facts, at the solicitation of counsel for all the parties, without putting the accused to plead the matters alleged. Where there is no conflict respecting the facts, it is, doubtless, in the power of the court to dispose of the subject in this form.

Applying the opinion of Mr. Justice Nelson to the facts agreed upon in these cases, it is clear, that the motion should be denied. There is no allegation or claim that, in the selecting, summoning and empannelling of the grand jury, the clerks of the courts did not act in the utmost good faith, and in obedience to an express rule of this court, imposing upon them the duty, which they performed according to their interpretation of its pur-

port and intention. That rule was made November 11, 1867, and is in these words: "It having been found impracticable to obtain jurors for the courts of the United States in this district, from the jury boxes used by the authorities of the state of New York, in the city and county of New York, for the procuring of juries for the courts of said state, in said city and county, it is now ordered, that the clerk of this court and the clerk of the district court of the United States for this district, make out and file in the office of the clerk of this court, a list of persons to serve as jurors in the courts of the United States for this district, and that such list be made out in the same manner as, by the laws of the state of New York, the public officers charged with the duty of making out the list of jurors to serve as jurymen in the courts of said state, in and for said city and county, are required to make out such list; and it is further ordered, that the said clerks, from time to time, correct and revise such list as they may deem it necessary so to do, to the end that such list may be made and kept, so far as practicable, in conformity with the laws of the state of New York; and it is further ordered, that from the list so made and filed, grand and petit jurors shall be selected, and shall be drawn by lot, in accordance, so far as practicable, with the laws of the state of New York, by the said clerks, as, from time to time, the same may be ordered by the courts of the United States in this district, and a list of the persons so drawn, certified by said clerks, shall be attached to the writ of venire issued to the marshal for the summoning of such jurors; and it is further ordered, that, as to all matters relating to the selecting, drawing and summoning of jurors for said courts, the said clerks follow, so far as practicable, the provisions in respect thereto contained in the laws of the state of New York." There is no allegation or claim of fraud in the matter, or on the part of any officer concerned therein; and, finally, it is not alleged or claimed that the accused have been prejudiced by any supposed want of conformity to the laws of the state in the proceeding, or that, whether strictly regular or irregular, any irregularity has resulted prejudicially to the accused. This being the case if we deemed the manner of selecting and drawing the grand jury to be liable to the objection of want of due conformity to the state laws, we must, nevertheless, say, in the language of the opinion cited, that "the interposition of the court is not required on the ground of justice either to the accused or to the public."

We do not, however, mean to be understood as deciding that the grand jury was irregularly or illegally selected, drawn or empannelled. It is sufficient to rest the decision upon the ground above stated. But we desire further to say, that the objections urged upon us seem to overlook, in a large

uegree, that literal conformity to the mode of selecting and drawing jurors prescribed by state laws is not required by the act of congress. Substantial conformity, and only so far as that is practicable, is, in any view, necessary to strict technical regularity. If this court were permitted to draw petit jurors and grand jurors from the boxes containing the names of persons selected by the state officers under the state laws, a near approximation to the mode of proceeding in the state courts might be made; and, no doubt, the adoption of the selections made by the state officers authorized to inquire into the qualifications of jurors and make selection of grand jurors, would be competent. Formerly, the federal courts in this district were permitted to do this. Courtesy to the federal tribunals, and respect for the requirement of the act of congress designed, as nearly as might be, to conform, in this respect, to the state laws, and mainly for the benefit of citizens of this state, and enacted out of deference to state policy, was then deemed to warrant the permission. But other counsels have prevailed, and the federal courts have no longer, in this city, any such aid, in procuring suitable and qualified jurors for service therein.

The rule of this court under which the grand jury now in question was drawn, is founded upon, and declares, the impracticability of obtaining jurors selected under the state laws; and the question was one of interest, and was anxiously considered, when the rule was adopted, which, on the argument of this motion, was more than once suggested by us to counsel, urging that the motion should be granted for want of conformity to the state laws: "What should the court do to conform more nearly to the state laws, and how can they do it?" The law, at most, requires substantial conformity, and only what is practicable. What is practicable must be (1) what congress have furnished the court with the means of effecting; (2) what the court has the power to effect; (3) what can reasonably be done in consistency with the due discharge of the other duties imposed upon the court and its officers. The United States have no commissioner of jurors, in form nor in substance. The court has no power to create such an officer, or to invest any one with the authority which the laws of New York confer upon that officer. The court has no power to call the citizens before itself, or before any other person or officer, for examination, to test these qualifications, preparatory to the making a list of jurors. There is no board, nor can the court create one, which, when a list is made, shall select therefrom some who shall serve as grand jurors. The duties involved in such a mode of selecting jurors, grand and petit, the court cannot compel any person to perform; and, if it was competent to authorize such performance, no one could be found to perform them gratuitously, and this court

has no fund from which to pay therefor. Doubtless, we may require the assistance of the clerk of the court, and reasonably expect that he will devote all the time which is possible, to the service, but we could not confer on the clerk the powers, or impose on him the duties, of the state commissioner of jurors; and if it was attempted, it is not clear that his acts would derive any efficiency therefrom. Doubtless, the list of jurors could, as a physical act, be divided into two lists. But there is no board in existence, and we can create none, to make such separate list, in the exercise of discretion, from among those designated in the other list. Doubtless, it would sometimes be possible for a judge to be present at a drawing of grand jurors, but, in general, that would be impossible. Absence from the city, in other districts, and actual engagement in the duties of the court, would, in general, prevent; and, sometimes, jurors may properly be drawn from the several other counties in the district. This impracticability has been adjudged by this court, by its enactment of successive rules, for more than thirty years past, and similar considerations have led to dispensing with publication of the notice of drawing.

We might pursue this still further, and we should return to the inquiry: "With the means which the court has at command, with the power that is vested in the court or its officers, in view of the fact that jurors are not necessarily drawn from one county only, in short, in all the circumstances under which the court is acting, what is practicable, in the reasonable sense in which that term is used in the act of congress, that the rule of court does not provide for, to effect a substantial conformity to the state laws?" So long as the court maintains the control over the subject, stated in the opinion of Mr. Justice Nelson, so long as even irregularity is not permitted, when it operates to the prejudice of an accused, we think that the requirement of the state laws themselves, as well as duty both to the accused and to the public, forbids the interposition of the court which is invoked in these motions.