### DE GIGNAC et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1902.)

#### No. 801.

1. POST OFFICE—MAILING PROHIBITED MATTER—SUFFICIENCY OF INDICTMENT.

An indictment under Rev. St. § 3893, as amended by 1 Supp. Rev. St. 621, charging the defendant with having deposited in a post office for mailing a letter or circular giving information where and of whom might be obtained obscene, lewd, and lascivious pictures, is sufficient if it specifies the place where and of whom the letter or circular gave information, and alleges the character of the information, leaving further disclosures to the evidence. It is not necessary to aver ownership or possession of the objectionable matter, nor that the information was given to one who inquired for or desired it, nor to describe the pictures about which information was given, further than to state their character.

2. SAME—ELEMENTS OF OFFENSE.

It is not necessary, to constitute the offense of mailing a letter or circular giving information where obscene, lewd, and lascivious pictures or publications may be obtained, under Rev. St. § 3893, as amended by 1 Supp. Rev. St. 621, that the writing mailed should describe the objectionable matter or state its character. It is sufficient if the writing, although unobjectionable on its face, in fact gives information where matter of the character specified in the statute can be obtained, and the indictment need not plead all the words constituting the information with the particularity required in cases of libel or forgery.

3. SAME—INDICTMENT CONSIDERED.

An indictment under Rev. St. § 3893, as amended by 1 Supp. Rev. St. 621, charged the defendants with having deposited for mailing a cir-

cular, and, after setting out the circular in hæc verba, averred: "Which said circular then and there was a circular which gave information, as they, the said * * *, then and there well knew, where and of whom might be obtained certain obscene, lewd, and lascivious photographic pictures, in the said circular called 'views'; that is to say, information that the said pictures might be obtained of * * * at * * *." *Held*, that such indictment was sufficient, although the circular set out was merely an advertisement of a machine for exhibiting "views," and of different sets of views for exhibition therein; the character of the pictures not being described.

In Error to the District Court of the United States for the Northern District of Illinois.

The indictment in this case is based upon section 3893 of the Revised Statutes of the United States, as amended by the act of September 26, 1888 (1 Supp. Rev. St. 621), and embraces two counts. A demurrer to the indictment having been overruled, the defendants entered their pleas of guilty to both counts. A motion in arrest of judgment was overruled, and exception duly taken. The defendants were thereupon sentenced each to pay a fine of $1,000, and to be imprisoned in the Illinois State Penitentiary at Joliet at hard labor for three years; the said sentence of imprisonment to be satisfied by each serving one year in the county jail of Cook county. Motion to vacate and set aside judgment was then made and overruled. The ruling of the court in passing sentence, in denying the motion in arrest of judgment, and in denying the motion to vacate judgment is assigned for error, and the sufficiency of the indictment is the sole question presented here for consideration.

Section 3893 of the Revised Statutes, as amended, reads as follows:

"Sec. 3893. Every obscene, lewd or lascivious book, pamphlet, picture, paper, letter, writing, print, or other publication of an indecent character, and every article or thing designed or intended for the prevention of conception or procuring of abortion, and every article or thing intended or adapted for any indecent or immoral use, and every written or printed card, letter, circular, book, pamphlet, advertisement, or notice of any kind giving information, directly or indirectly, where or how, or of whom, or by what means any of the hereinbefore mentioned matters, articles or things may be obtained or made, whether sealed as first-class matter or not, are hereby declared to be non-mailable matter, and shall not be conveyed in the mails nor delivered from any post-office nor by any letter carrier; and any person who shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything declared by this section to be non-mailable matter, and any person who shall knowingly take the same, or cause the same to be taken, from the mails for the purpose of circulating or disposing of or of aiding in the circulation or disposition of the same, shall, for each and every offense be fined upon conviction thereof not more than five thousand dollars, or imprisoned at hard labor not more than five years, or both, at the discretion of the court."

The indictment is as follows:

"The grand jurors for the United States of America, inquiring for the Northern division of the Northern district of Illinois, upon their oaths present that Anthony L. De Gignac and Herbert S. Mills, late of the city of Chicago, in the said division and district, on the thirteenth day of December, in the year of our Lord nineteen hundred, at Chicago aforesaid, in the division and district aforesaid, unlawfully did knowingly deposit and cause to be deposited in the post office of the said United States there, for mailing and delivery, a certain envelope, to wit, an envelope which then and there bore two uncanceled, United States two-cent postage stamps and the following return card direction and address; that is to say: 'Return in 5 days to Mills Novelty Co., Chicago, U. S. A. Peter Lemington, Esq., 2261 Arapohold, Room 12, Denver, Colo.,'—and contained a certain printed circular, to wit, a printed circular of the tenor which here follows; that is to say:

# The Quartoscope

## Our New Picture Machine

$50.00                                    $50.00

### The Views

are arranged in sets of twelve stereoscoptic views, with four sets to each machine. One set of twelve pictures can be seen for a nickel : : : :

### Other Sets.

supplied on application at lowest prices : : : : : :

### Over 50,000

subjects to select from : : : : : : : :

### We Quote

the machine ready for operation which includes batteries, electric lamps and four sets or 48 pictures : : : : : :

MANUFACTURED AND FOR SALE ONLY BY THE

# Mills Novelty Co.

## 11 to 23 So. Jefferson Street     CHICAGO, ILL.

—Which said circular then and there was a circular which gave information, as they, the said Anthony L. De Gignac and Herbert S. Mills, then and there well knew, where and of whom might be obtained certain obscene, lewd, and lascivious photographic pictures, in the said circular called 'Views'; that is to say, information that the said pictures might be obtained of the Mills Novelty Co., at Nos. 11 to 23 South Jefferson street, in the said city of Chicago,—against the peace and dignity of the said United States, and contrary to the form of the statute of the same in such case made and provided.

"(2) And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said Anthony L. De Gignac and Herbert S. Mills, on the tenth day of January, in the year of our Lord nineteen hundred and one, at Chicago aforesaid, in the division and district aforesaid, unlawfully did knowingly deposit and cause to be deposited in the post office of the said United States at Chicago aforesaid, for mailing and delivery to one Peter Simington, at No. 2261 Arapahoe street, in the city of Denver, in the state of Colorado, a certain typewritten letter; that is to say, a letter of the tenor following, beginning next below the engraved letter head thereof, which it is impossible to here produce, to wit: 'Cable Address, "Coin." 'Phone, Monroe, 47. Jan. 10, 1901. Mr. Peter Simington, 2261 Arapahoe St., Denver, Colo.—Dear Sir: Replying to your valued favor of Jan. 4th, will say that the price of our views such as you desire are $1.50 per dozen. We also allow you to exchange the same for others, providing you have not retained them over thirty days, and they are in good condition, we allowing you two-thirds of their original value in exchange for new. Hoping to be favored with your valued order, assuring you that the same shall have our prompt and careful attention, we remain, yours very truly, Mills Novelty Co. A. H. C.,'—which said letter then and there was a letter which gave information to the said Peter Simington, as they, the said Anthony L. De Gignac and Herbert S. Mills, then and there, to wit, at the time and place of so depositing the said letter in the said post office, and causing the same to be deposited therein, for mailing and delivery as aforesaid, well knew, where and of whom might be obtained certain obscene, lewd, and lascivious photographic pictures of nude women, too obscene, lewd, and lascivious to be here described; that is to say, information that such pictures might be obtained of the Mills Novelty Co., then doing business in the said city of Chicago,—against the peace and dignity of the said United States, and contrary to the form of the statute of the same in such case made and provided."

Wm. S. Forrest, for plaintiff in error.

S. H. Bethea, for the United States.

Before JENKINS and GROSSCUP, Circuit Judges, and HUMPHREY, District Judge.

HUMPHREY, District Judge, after making the foregoing statement, delivered the opinion of the court.

The contention on behalf of plaintiffs in error is that the indictment does not aver that the writing therein set forth gave the prohibited information directly or indirectly; that it contains no averment that obscene, lewd, and lascivious photographic pictures or views were in fact at Nos. 11 to 23 Jefferson street, in the city of Chicago, or were in the possession or under the control of the Mills Novelty Company. Counsel contend that an indictment drawn under this section for mailing prohibited matter, or for mailing a writing giving information where such matter may be obtained, is subject to the rule of pleading applicable to indictments for slander, libel, forgery, etc.; that the case at bar is strictly analogous to an indictment for criminal libel; that therefore, in order to make

a good indictment, the writing itself must upon its face purport to be what is prohibited, or, failing in that, the indictment must contain explanatory allegations, averments, or writings showing that the writing itself, interpreted by such explanations, does not contain what is prohibited.

This contention cannot be sustained. The primary object of this federal enactment (section 3893, Rev. St. U. S.) is to protect the mails from corrupt communications. The incidental purpose of the law is to protect the public morals. The law has been construed by the supreme court. It is not necessary, in an indictment under this section, that all the words constituting the information should be pleaded with the particularity used in cases for libel and forgery. It is sufficient that the character of the information be described, leaving further disclosures to the introduction of evidence. The offense here denounced is the giving of information by mail where obscene matter may be obtained. Any communication by mail which does this is actionable. The gist of the offense is the giving of the information by mail. It is not necessary to aver ownership or possession of the obscene matter. Neither is it necessary to aver that the information was given to one who inquired for or desired the same. One very common purpose of those who violate this statute is the corruption of the young and the innocent. It is not necessary that the writing complained of should in terms describe obscene matter. The writing may be innocent and harmless on its face. Yet if it in fact give information where obscene matter may be obtained, and the explanatory averment so states, it cannot save the plaintiffs in error harmless because the obscene matter in question is described by the indefinite term of "views."

On the exact question arising here the cases of U. S. v. Grimm (C. C.) 45 Fed. 558, Id. (D. C.) 50 Fed. 528, and Grimm v. U. S., 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550, are in point. These cases have been much relied upon by counsel on both sides. The indictment here is sufficient under the authority of either of the Grimm Cases. In the first Grimm Case, the main objection to the indictment, and the one on which it was held insufficient for uncertainty, was that it did not contain any averment, either in the writing itself or by way of explanation, as to the place where the objectionable matter could be obtained. The indictment failed to aver that the writing complained of conveyed the information denounced by the statute. The indictment here is specific on this point. It avers that the writing complained of did contain information where such denounced photographs could be obtained, viz.: "Information that the said pictures might be obtained at Nos. 11 to 23 South Jefferson street, in said city of Chicago." In the second Grimm Case, opinion by Mr. Justice Brewer, it is said at page 608, 156 U. S., page 471, 15 Sup. Ct., and page 551, 39 L. Ed.:

"It is insisted that the possession of obscene, lewd, or lascivious pictures constitutes no offense under the statute. That is undoubtedly true, and no conviction was sought for the mere possession of such pictures. The gravamen of the complaint is that the defendant wrongfully used the mails for transmitting information to others of the place where such pictures could be obtained, and the allegation of possession is merely the statement of a

fact tending to interpret the letter which he wrote and placed in the post office. It is said that the letter is not in itself obscene, lewd, or lascivious. This also may be conceded. But, however innocent on its face it may appear, if it conveyed, and was intended to convey, information in respect to the place or person where, or of whom, such objectionable matters could be obtained, it is within the statute. * * * On the contrary, it is sufficient to allege its character and leave further disclosures to the introduction of evidence. It may well be that the sender of such a letter has no single picture or other obscene publication or print in his mind, but, simply knowing where matter of an obscene character can be obtained, uses the mails to give information to others. It is unnecessary that unlawful intent as to any particular picture be charged or proved. It is enough that in a certain place there could be obtained pictures of that character, either already made and for sale or distribution, or from some one willing to make them, and that the defendant, aware of this, used the mails to convey to others the like knowledge."

Measured by this standard the indictment is sufficient. It avers, after setting out the circular in hæc verba:

"Which said circular then and there was a circular which gave information, as they, the said Anthony L. De Gignac and Herbert S. Mills, then and there well knew, where and of whom might be obtained certain obscene, lewd, and lascivious photographic pictures, in the said circular called 'Views'; that is to say, information that the said pictures might be obtained of the Mills Novelty Company, at Nos. 11 to 23 South Jefferson street, in the said city of Chicago,—against the peace and dignity of the said United States, and contrary to the form of the statute of the same in such case made and provided."

It very properly left further disclosures to the introduction of evidence.

The judgment of the district court is affirmed.