## LEE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 5, 1907.)

### No. 1,306.

1. CRIMINAL LAW—PLEA OF MISNOMER—TIME FOR FILING.

A defendant cannot interpose a plea of misnomer after having challenged the sufficiency of the indictment by a motion to quash.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 643.]

2. SAME—WAIVER OF OBJECTIONS.

Objection to the overruling or striking out of a plea of misnomer is waived by the subsequent filing of a demurrer to the indictment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 644; vol. 27, Indictment and Information, § 634.]

**8. INDICTMENT—DUPLICITY—POST OFFICE—MAILING UNMAILABLE MATTER—SUFFICIENCY OF INDICTMENT.**

An indictment under Rev. St. § 3893, as amended by Act Sept. 26, 1888, c. 1039, § 2, 25 Stat. 496 [U. S. Comp. St. 1901, p. 2658], charging the defendant with having mailed a letter giving information where and how, and of whom and by what means, articles and things designed and intended "for the prevention of conception and for the procuring of abortion" might be obtained, does not charge two offenses.

[Ed. Note.—Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

In Error to the District Court of the United States for the Northern District of California.

Louis P. Boardman and Wm. H. H. Hart, for plaintiff in error.

Robt. T. Devlin, U. S. Atty., and Benj. L. McKinley, Asst. U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

ROSS, Circuit Judge. The indictment in this case was against "B. Brooks Lee, alias R. Brooke Sterling, whose true name is to the grand jurors aforesaid unknown." It charged that person with willfully, knowingly, and feloniously depositing at a certain stated time in the post office at San Francisco, for mailing and delivery, a certain letter inclosed in a sealed envelope, upon which the postage was prepaid, addressed to Miss Jennie Meredith, Goshen, Ind., R. R. 8, which letter was in these words and figures:

"Telephone South 916. Office Hours: 10 a. m. to 12 m., 2 to 5 and 7 to 8 p. m. R. Brooke Sterling, M. D., Specialist for the Diseases of Women, 1140 Market Street.

"San Francisco, Jan. 9th, 1905.

"Jennie Meredith, R. R. 8, Goshen, Ind.—Dear Miss: In answer to yours of the 2d inst. will say that upon receipt of ten ($10.00) dollars from you I will send per express necessary treatment with full instructions.

"Respectfully, R. Brooke Sterling, M. D., per L."

The indictment further charged that the letter so deposited "then and there gave information where and how, and of whom, and by what means, divers articles and things designed and intended for the prevention of conception and for the procuring of abortion might be obtained," contrary to the provisions of section 3893 of the Revised Statutes, as amended by Act Cong. Sept. 26, 1888, c. 1039, § 2, 25 Stat. 496 [U. S. Comp. St. 1901, p. 2658]. On the 1st day of April succeeding the finding of the indictment a motion to quash it on various grounds was filed in the court below, entitled, "The United States of America, Plaintiff, v. B. Brooks Lee, Defendant," the opening clause of which motion is as follows:

"Now comes the defendant above named, by Louis P. Boardman, his attorney, and objects to the indictment in the above-entitled action, and moves the court to quash, set aside, and dismiss said indictment, upon the following grounds"

—and specifying various grounds, among others, that the indictment charges two offenses in one count. The motion to quash was over-

ruled by the court, after which, to wit, on the 19th day of April, 18 days after the motion was made, the defendant filed what he denominated a "Plea of Misnomer," and which is as follows:

"Benjamin Brooks Lee, who is indicted by the name of B. Brooks Lee, alias 'R. Brooke Sterling,' in his own proper person now comes into court, and, having heard the said indictment read, says that he was named by the name of Benjamin Brooks Lee, to wit, at the city of Columbia, in the state of South Carolina, and by the Christian name of Benjamin Brooks, and has also, since his naming, been called and known by the name of Benjamin Brooks Lee; without this, that he, the said Benjamin Brooks Lee, is not now, nor at any time hitherto, has been called or known by the Christian name of B. Brooks, or by the said alias name of 'R. Brooke Sterling,' as by the said indictment is alleged, and that this, the said Benjamin Brooks Lee is ready to verify. Wherefore, he prays judgment of the said indictment and that the same may be quashed, and that he be permitted to go hence without day."

On motion of the government's attorney this plea was stricken from the files, but after a demurrer thereto interposed by the government had been overruled. Subsequent to the striking out of the plea the plaintiff in error interposed a demurrer to the indictment, and substantially on the same grounds that were stated in his motion to quash, which demurrer was also overruled by the court. The plea was properly stricken out, first, because, after having challenged the sufficiency of the indictment by a motion to quash it, it was too late for the defendant to interpose a plea of misnomer. Grimes v. State, 105 Ala. 86, 17 South. 184; State v. Winstrand, 37 Iowa, 110; Ellis v. State, 25 Fla. 702, 6 South. 768. In the next place, the defendant by subsequently filing his demurrer to the indictment waived his plea of misnomer. Haley v. State, 63 Ala. 89. Lastly, the plea interposed shows upon its face that it was not. in substance and legal effect a plea of misnomer.

Upon the merits of the case but little need be said. The indictment does not charge two offenses. The charge relates to but a single letter, alleged to have contained prohibited matter and to have been deposited by the plaintiff in error in the mail for transmission therein. We cannot at all agree with counsel for the plaintiff in error that the letter counted on by the government was innocent on its face. On the contrary, the plain inference to be drawn from its wording and caption was that charged in the indictment.

The judgment is affirmed.