### UNITED STATES v. BREINHOLM.

(District Court, E. D. Washington, N. D.   February 21, 1913.)

#### No. 1,549.

Post Office (§ 48*)—Mailing Nonmailable Matter—Indictment.

To make good an indictment, under Cr. Code (Act March 4, 1909, c. 321) § 211, 35 Stat. 1129 (U. S. Comp. St. Supp. 1911, p. 1651), for mailing a nonmailable letter, giving information as to where and how and by whom and by what means certain acts and operations could and would be done and performed for procuring and producing an abortion, the letter set out need not be such that a stranger would know what information it gave, nor need the indictment contain explanatory matter to show that the letter did give such information.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

Emma Breinholm was indicted for mailing a nonmailable letter. On demurrer to indictment.   Demurrer overruled.

Oscar Cain, U. S. Atty., of Spokane, Wash.
Smith & Mack, of Spokane, Wash., for defendant.

RUDKIN, District Judge.   The indictment in this case, returned under section 211 of the Criminal Code of March 4, 1909, charges that on the 7th day of September, 1912, the defendant Breinholm did, with-

in the jurisdiction of this court, unlawfully and knowingly deposit and cause to be deposited for mailing and delivery, with knowledge of the contents thereof, in the post office of the United States at Spokane, Wash., a certain envelope then and there containing a nonmailable letter giving information as to where and how and by whom and by what means certain acts and operations could and would be done and performed for procuring and producing an abortion, which said letter was in words and figures as follows:

"Spokane, Wash., Sept. 7th, 1912.

"Mr. C. Pierson—Dear Sir: Your letter recd. I cannot say any thing in a letter—but the earliest you can come will be better for all around—your stay will be from four days to a week. Kindly write and let me knew what time you will be here—and oblige yours,                Dr. E. Breinholm."

A demurrer has been interposed to the indictment for the reason that the facts and allegations therein contained do not constitute a crime against the laws of the United States. The argument in support of the demurrer is that the letter set forth in the indictment does not give any information as to where, how, by whom, or by what means acts and operations could and would be done and performed for procuring and producing an abortion. The demurrer is not well taken. A similar question came before the Supreme Court of the United States in the case of Grimm v. United States, 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550, and in answer to the contention now made Mr. Justice Brewer said:

"The gravamen of the complaint is that the defendant wrongfully used the mails for transmitting information to others of the place where such pictures could be obtained, and the allegation of possession is merely a statement of a fact tending to interpret the letter which he wrote and placed in the post office. It is said that the letter is not in itself obscene, lewd, or lascivious. This also may be conceded. But, however innocent on its face it may appear, if it conveyed, and was intended to convey, information in respect to the place or person where, or of whom, such objectionable matters could be obtained, it is within the statute."

True, in that case a letter written to the defendant and the possession in the defendant of certain obscene, lewd, and lascivious pictures were charged, for the purpose of explaining and interpreting the letter upon which the prosecution was based; but the court does not seem to have considered these allegations necessary or material, for further on in the opinion the court says:

"But it does not follow that everything referred to in the letter, or concerning which information is given therein, should be spread at length on the indictment. On the contrary, it is sufficient to allege its character and leave further disclosures to the introduction of evidence."

In De Gignac v. United States, 113 Fed. 197, 52 C. C. A. 71, the circular deposited in the mail contained little except an advertisement of a quartoscope or picture machine, together with the place where the machine was manufactured and for sale; but the indictment charged that the circular gave information where and of whom might be obtained certain obscene, lewd, and lascivious photographic pictures in the said circular called "Views." A demurrer was interposed to

the indictment in that case, as in this, and the argument of counsel for the defendant is thus stated by the court in its opinion:

"Counsel contend that an indictment drawn under this section for mailing prohibited matter, or for mailing a writing giving information where such matter may be obtained, is subject to the rule of pleading applicable to indictments for slander, libel, forgery, etc.; that the case at bar is strictly analogous to an indictment for criminal libel; that therefore, in order to make a good indictment, the writing itself must upon its face purport to be what is prohibited, or, failing in that, the indictment must contain explanatory allegations, averments, or writings showing that the writing itself, interpreted by such explanations, does contain what is prohibited."

In answer to this argument the Circuit Court of Appeals said:

"This contention cannot be sustained. The primary object of this federal enactment (section 3893, Rev. St. U. S. [U. S. Comp. St. 1901, p. 2658]) is to protect the mails from corrupt communications. The incidental purpose of the law is to protect the public morals. The law has been construed by the Supreme Court. It is not necessary, in an indictment under this section, that all the words constituting the information should be pleaded with the particularity used in cases for libel and forgery. It is sufficient that the character of the information be described, leaving further disclosures to the introduction of evidence. The offense here denounced is the giving of information by mail where obscene matter may be obtained. Any communication by mail which does this is actionable. The gist of the offense is the giving of the information by mail. It is not necessary to aver ownership or possession of the obscene matter. Neither is it necessary to aver that the information was given to one who inquired for or desired the same. One very common purpose of those who violate this statute is the corruption of the young and the innocent. It is not necessary that the writing complained of should in terms describe obscene matter. The writing may be innocent and harmless on its face. Yet if it in fact gives information where obscene matter may be obtained, and the explanatory averment so states, it cannot save the plaintiffs in error harmless because the obscene matter in question is described by the indefinite term of 'Views.' "

A similar conclusion was reached by the Circuit Court of Appeals for this circuit in Lee v. United States, 156 Fed. 948, 84 C. C. A. 448, where the letter set forth in the indictment was fully as innocent and harmless as the letter now before the court. See, also, United States v. Somers (D. C.) 164 Fed. 259, where the questions decided in the Lee Case are more fully discussed.

The demurrer is overruled.