SALES v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1919.)

No. 5207.

POST OFFICE ⬅️32—FEES—OBSCENE LETTERS.

In a prosecution for mailing an obscene, lascivious, and filthy letter, contrary to Criminal Code, § 211 (Comp. St. § 10381), the letter itself must directly or indirectly disclose its evil character, and it is improper to allow the jury to convict for an undisclosed, unexpressed intent in the mind of accused.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

R. B. Sales was convicted of mailing an obscene, lascivious, and filthy letter, contrary to Criminal Code, § 211 (Comp. St. § 10381), and he brings error. Reversed and remanded for new trial.

W. B. Dickinson, of Buffalo, N. Y., for plaintiff in error.

Sam O. Hargus, Asst. U. S. Atty., of Kansas City, Mo. (Francis M. Wilson, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. The plaintiff in error was convicted of mailing an "obscene, lascivious, and filthy" letter, contrary to section 211 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1129 [Comp. St. § 10381]), and brings the case here for review.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The letter need not be set forth. The trial court charged the jury that "it is not contended that the letter contains in itself filthy or indecent terms or expressions"; that they need not be confused if, upon examining it in the jury room, they would say, "I don't see anything dirty or filthy about that"; also that the question was of its general intendment and purpose. But in discussing "purpose" and "motive" the court did not confine the jury to the letter, but expressed itself so broadly that it left them at liberty to convict for an undisclosed, unexpressed intent in the mind of the accused, and we think it not unlikely that the verdict came the latter way. The door was open for the jury to draw an inference that there was an ulterior purpose in the mind of the accused, which brought him within the law, regardless of the language of the letter.

It is not enough that a letter or publication be offensive to the feelings or the pride of those into whose hands it may come. Considerations of caste or social position do not enter into the law. The evil character of the letter or publication declared nonmailable by the clause of the statute under consideration must be reasonably apparent or discernible on its face. It need not be in particular words, but may appear in the structure of the sentences, and either directly or indirectly by innuendo or suggestion, or in the thought conveyed. Dunlop v. United States, 165 U. S. 486, 17 Sup. Ct. 375, 41 L. Ed. 799, involved newspaper publications of the latter character. Instances of suggestive letters held to offend the statute may be found in Parish v. United States, 159 C. C. A. 258, 247 Fed. 40, and United States v. Moore (D. C.) 129 Fed. 159. We approve of those decisions. But we know of no case under this clause of the statute in which it has been held that, if the letter or publication in itself is not objectionable, an undisclosed motive or intent of the writer may be found to convict him. In Knowles v. United States, 95 C. C. A. 579, 170 Fed. 409, we held that a good motive was no defense to an evil publication. The converse is measurably true. If an undisclosed evil motive or intent can bring within the statute a letter or publication that is innocent and mailable upon its face, convictions could be sustained in cases of simple newspaper "want ads," upon proof of an evil "ultimate purpose, motive, or intent" in the mind of an advertiser or publisher who employed the mails. Doubtless that would be a proper field for legislation, but we do not think the statute before us goes so far.

Cases like Grimm v. United States, 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550, and De Gignac v. United States, 52 C. C. A. 71, 113 Fed. 197, are not in point. They arose under the clause of the statute making nonmailable any written or printed card, letter, circular, etc., giving information directly or indirectly where, how, or from whom certain articles might be obtained. There a letter may have a perfectly clean face, and yet its mailing be a violation of the law.

The sentence is reversed, and the cause remanded for a new trial.