## STATE *vs.* ROBERT ADAIR.

1. CRIMINAL LAW—PLEA IN ABATEMENT NOT FAVORED.

   A plea in abatement, being a dilatory plea which does not finally dispose
of the subject-matter of the indictment, is not favored by the law.

2. CRIMINAL LAW—IRREGULARITIES IN INDICTMENT MAY BE WAIVED BY
   FAILURE TO FILE PLEA IN ABATEMENT PROMPTLY, THOUGH FILED BE-
   FORE PLEA OF NOT GUILTY.

   Irregularities in an indictment raised by a plea in abatement may be
waived by failure to file the plea promptly, though it is filed before the plea of
not guilty is entered.

3. CRIMINAL LAW—PLEA IN ABATEMENT PROPERLY PRECEDES DEMURRER.

   A plea in abatement properly precedes a demurrer.

4. CRIMINAL LAW—WHEN PLEA IS OVERRULED, ANOTHER PLEA ABOVE IT
   IN ESTABLISHED ORDER CANNOT BE PLEADED.

   When a plea or other step in the pleadings is overruled, another plea, or
step, above it in the established order cannot be pleaded or taken.

5. CRIMINAL LAW—PLEA IN ABATEMENT CONSTRUED AS IN CIVIL CASES.

   Pleas in abatement are governed by the same rules of construction in
criminal as in civil cases.

6. CRIMINAL LAW—PERMISSION TO WITHDRAW PLEADING AND SUBSTITUTE
   ONE OF PRECEDING GRADE GRANTED RARELY IN CASE OF MERE DILATORY
   PLEA.

   While the courts often will, on application, permit accused to withdraw a
pleading of one grade and substitute one of a preceding grade, such application
is rarely granted in case of a mere dilatory plea.

7. CRIMINAL LAW—FUNDAMENTAL STEPS AND ALLEGATIONS NECESSARY
   TO VALID PROSECUTION AND JUDGMENT MAY NOT BE WAIVED.

   While infirmities and irregularities may be waived, fundamental steps and
allegations which are of the essence of a valid prosecution and judgment may
not be.

Syllabus.

8. CRIMINAL LAW—IRREGULARITIES IN DRAWING GRAND JURY, QUALIFICA-
TION OF MEMBER, ETC., MAY BE WAIVED BY FAILURE TO RAISE AT PRO-
PER TIME.

Where it is alleged that irregularities exist in the drawing of the grand in-
quest, that it does not "appear" from the indictment that twelve or more
members of the grand inquest found the indictment (it no t alleging that they
failed to find it), and that it was found solely on information given by a pro-
secuting officer, and also that one of the grand inquest was a state officer and
was thereby disqualified, such fundamental irregularities are not presented as
will render the whole proceeding of forming the jury panel void, and hence
such irregularities may be waived by failure to raise them at the proper time,
and they cannot be raised by plea in abatement after demurrer and motion to
quash.

9. GRAND JURY—COUNTY TRUSTEE OF POOR MAY SERVE.

There is no rule of law or statute which disqualifies a county trustee of
the poor from serving on the grand jury.

10. CRIMINAL LAW—OBJECTION RAISING NO ISSUE OF FACT CANNOT BE
PRESENTED BY PLEA IN ABATEMENT.
An objection that it does not appear from the indictment that twelve
or more of the members of the grand inquest found the same raises no issue
of fact, and cannot be considered under a plea in abatement.

11. CRIMINAL LAW—PLEA IN ABATEMENT MUST BE PLEADED WITH STRICT
EXACTNESS AND PARTICULARITY.

A plea in abatement, being dilatory, must be pleaded with strict exact-
ness and set forth the facts relied on with great particularity; there being no
inferences in its favor.

12. CRIMINAL LAW—PLEA IN ABATEMENT MUST EXCLUDE EVERY POSSIBLE
INTENDMENT OR CONCLUSION AGAINST IT.

A plea in abatement must exclude by proper allegations every legal in-
tendment or conclusion that might otherwise be made against it.

13. CRIMINAL LAW—ALLEGATIONS OF PREJUDICE IN PLEA IN ABATEMENT
HELD INSUFFICIENT.

A plea in abatement, which alleges that the indictment was to the great
prejudice of defendant, but fails to allege wherein he was injured or prejudiced
thereby, or any dishonesty, unfairness, fraud, corruption, or desgin to in-
jure him by the grand jury, is insufficient.

(*April* 4, 1922)

HARRINGTON, J., sitting.

*Aaron Finger* and *Clarence A. Southerland*, Deputy Attor-
neys-General, for the State.

*Robert Adair*, the defendant, conducted his own defense.

Court of General Sessions for New Castle County, March
Term, 1922.

INDICTMENT No. 30, March Term, 1922, under *section* 4755, *Rev. Code* 1915, for the misapplication and for the conversion to his own use of certain moneys received by the defendant as an attorney at law.

Argument on motion by the State to dismiss a plea in abatement filed by the defendant to the indictment. Motion granted.

The plea in abatement is as follows:

"And the said defendant comes and defends the wrong and injury, when, etc., and prays judgment of the said Indictment of the said plaintiff because he says:

"1.    That the said Indictment purports to have been found by the Grand Inquest of the State of Delaware and the body of New Castle County; whereas, the said Grand Jury, to wit, the Grand Inquest of the State of Delaware, etc., as aforesaid, which is alleged to have found and returned the said Indictment was not drawn in accordance with the provisions of law generally and particularly was not drawn in accordance with the statutes of Delaware in that behalf made and provided:

"2.    That at the time of drawing the said Grand Jury, the Grand Jury box did not contain the names of one hundred sober and judicious persons having the qualification of Grand Jurors under the laws of the State of Delaware:

"3.    That at the time of the said drawing of the said Grand Jury, the said Grand Jury box contained the names of less than one hundred sober and judicious persons having the qualifications aforesaid:

"4.    That at the time of the drawing of the said Grand Jury, there were not more than ninety names of Grand Jurors in the said Grand Jury box having the qualifications aforesaid:

"5.    That at the time of the said drawing of the said Grand Jury, as aforesaid, the said Grand Jury box did not contain the names of one hundred citizens of New Castle County who were liable under the provisions of the laws of Delaware to serve as Grand Jurors, in such proportion for each representative district of the said County, as is required by the provisions of the laws aforesaid, in that the said box did not contain the names of any women, citizens of the said County and duly qualified to serve as Grand Jurors and liable under the law to so serve, which said omission of the names of women citizens as aforesaid is discriminatory and illegal:

"6.    That at the time of the alleged finding of the said Indictment, one of the said Grand Inquest was an officer of the State and thereby disqualified; the said member being Charles Beith, a member of the Board of Trustees of the Poor in and for New Castle County, Delaware:

"7.    That it doth not appear from the said Indictment that twelve, or more, of the members of the said alleged Grand Inquest found the said Indictment:

Statement.

"8.   That counts five and eight of the said Indictment are illegal and void in that it doth not appear from the said Indictment that the said Grand Inquest endeavored to ascertain the names of the said unknown persons and that they could not ascertain them:

"9.   That none of the said counts, though in the words of the statute, sufficiently set forth an offense and that the said counts are all illegal and void in that they do not inform the defendant sufficiently of what he is to meet as the accusation of the said plaintiff:

"10.   That at the time of the finding of the said alleged Indictment, the Grand Inquest aforesaid, were induced to take action of said finding the said Indictment upon information given to them by one of the Deputy Attorneys-General, to wit, Aaron Finger, Esquire, and not upon evidence presented in accordance with the law in such cases made and provided:

"11.   That the said Indictment was found in utter disregard of the defendant's rights to have all the necessary evidence before the said Grand Inquest, the said evidence being in the possession of the State, or within its knowledge at the time of the consideration of the charge by the said Grand Inquest, and illegally withheld from the said Grand Inquest by the State:

"12.   That the word 'unlawfully' was illegally interlined in counts numbered, respectively, 1, 2, 3, 4, 5, and 8; and the said word 'unlawfully' was illegally inserted in counts 6 and 7:

"13.   That the said counts, one to eight, inclusive, are each and all 'blanket charges' whereas the finding of 'A True Bill' is endorsed on the said Indictment under and as a part of the specific charge 'Violation Code Section 4755,' thereby making an irregular, illegal, and void indictment:

"14.   That all of the foregoing grounds of this, the defendant's plea in abatement constitute the finding of an Indictment without due process of law, to the great prejudice of the defendant, and in violation of his rights under the Constitution of the United States of America, Article XIV, of the Amendments thereto, and of the Constitution and Laws of the State of Delaware.

"And this the defendant is ready to verify; wherefore he prays judgment of the said Indictment, as aforesaid, and that the same may be quashed for the reason aforesaid."

The record shows that the defendant was held to bail, March 1st of this year, and indicted by the Grand Jury, March 7th; that he gave notice of his intention to demur to the indictment March 8th and filed the demurrer March 9th; that the demurrer was argued March 13th and overruled March 15th; that a petition in the nature of a motion to quash the indictment was filed March 15th and at the same time, pursuant to his application, the defendant was also given leave to re-argue the demurrer as to counts five and eight of the indictment; that both said demurrer and motion to quash were argued March 16th, at which time this

Court adhered to its original decision in overruling the demurrer and also refused to grant the motion to quash, because of the insufficiency of the allegations in said petition; that on the same day the plea in abatement in controversy in this case was filed, and the State made a motion to dismiss it and strike it from the record; that the motion was argued March 21st and the time for filing defendant's brief was fixed for two thirty P. M., March 23d; that pursuant to defendant's application, the time for filing his brief was extended to March 24th at ten A. M.; that the defendant's brief was filed March 24th at one P. M. and that the motion to dismiss and strike the plea in abatement from the record was argued March 24th.

HARRINGTON, J., delivering the opinion of the court:

The motion of the State to dismiss the plea is based on two grounds: First: That the plea was filed too late and that the alleged defects relied on are therefore waived, and, Second: That it failed by proper allegations to show that the defendant was injured by the alleged irregularities relied on; and that it also lacked particularity in other respects.

[1] A plea in abatement being a dilatory plea, which does not finally dispose of the subject matter of the indictment, is not favored by the law. *Thompson & Merriam on Juries* § 533; *U. S. v. American Tobacco Co.* (*D. C.*) 177 *Fed.* 774, (780); *Ward v. State*, 48 *Ind.* 289; 16 *C. J.* 411.

[2] Such a plea must be filed, if at all, with the greatest promptness, otherwise the alleged irregularities raised by it will be held to have been waived, and this may be true, when there is delay, even though it be filed before the plea of not guilty be entered. *Wharton's Crim. Pro.* § 1354; *Dietzel v. State*, 132 *Tenn.* 47, 177 *S. W.* 47, 53; *U. S. v. American Tobacco Co.* (*D. C.*) 177 *Fed.* 774, 777; *Lowdon v. U. S.*, 149 *Fed.* 673, 674, 675, 79 *C. C. A.* 361; *Agnew v. U. S.* 165 *U. S.* 36, 17 *Sup. Ct.* 235, 41 *L. Ed.* 624; *State v. Myers*, 78 *Tenn.* (10 *Lea.*) 717.

[3] This case however, involves not only the question of de-

lay, but also the question as to whether the defendant has followed the proper order of pleading.

In *Bishops New Cr. Procedure, vol.* 1, § 735, the author says:

"Passing by the motion to quash, it will satisfy the purposes of this Chapter to state the defences substantially in the words of Starkie; namely, 'I. By a plea to the jurisdiction; II. By a declinatory plea (now obsolete); III. By a plea in abatement of the indictment for some defect contained in it; IV. By a demurrer; V. By a plea in bar; VI. By the general plea that he is not guilty.'"

It will be noticed that a plea in abatement, therefore, properly precedes a demurrer.

In *section 744, vol.* 1, the same author says:

"To be entitled to show a particular matter in defence, he, (the defendant), must tender the plea which the law has provided, in the law's form, and at the law's time."

[4]   There is a well established order of pleading in civil proceedings, and when a plea, or other step in the pleadings is overruled, another plea, or step, above it in the established order, cannot ordinarily be pleaded or taken. The rule is otherwise, however, as to any pleading below it.

In *Culver, et al. vs. P. B. & W. R. Co.,* 7 *Boyce,* 76, 78, 102 *Atl.* 980, 981, this Court said:

"The law has settled the order of pleadings. This order should generally be pursued. A demurrer to the declaration should not precede a plea in abatement. After a plea in bar to the action, or after a demurrer to the declaration and judgment by the Court on the demurrer, a plea in abatement comes too late."

[5]   In this connection it is worthy of comment that pleas in abatement in criminal cases are governed by the same rules of construction that apply in civil cases. *O'Connell v. Queen,* 11 *Cl. & F.* (8 *Eng. Rep.* 1063, 1086).

The rule providing for a regular order of pleading, of which *Culver v. P. B. & W. R. Co.* is an example, is merely an application of the doctrine of waiver, which doctrine prevails alike in civil and criminal jurisprudence. *Bishops' New Crim. Pro. vol.* 1, § 746.

The same author, *volume* 1, § 123, says:

"Ordinarily, under a rule of law or of the Court, a dilatory defence must be made at a designated stage of the cause; then, if the party omits to bring it forward when he should, or if he takes an advanced step instead of this one, his right thereto is ended by waiver."

*Lee v. U. S.*, 156 *Fed.* 948, 950, 84 *C. C. A.* 448, is a criminal case applying the above principles.

The facts show that the defendant first moved to quash the indictment, which motion was refused; he next filed a plea in abatement for misnomer, which was demurred to, but the demurrer was overruled. The plea in abatement was then stricken out, on motion of the Government, as coming too late after a motion to quash.

The question was whether the plea was properly stricken out. The Court held that,

"After having challenged the sufficiency of the indictment by motion to quash, it was too late for the defendant to interpose a plea of misnomer."

[6] While it is undoubtedly true that in order to do justice, courts will often, on application, permit the defendant in criminal cases to withdraw a pleading of one grade and permit the substitution of one of a preceding grade, there is no such application before the Court; and besides, such application is rarely granted in case of a mere dilatory plea. *Bishop's New Cr. Pro.* §§ 124 and 747.

[7] It is true that the law as to waiver is also subject to the general rule that while informalities and irregularities may be waived, fundamental steps and allegations which are of the essence of a valid prosecution and judgment may not be. *Bishop's New Cr. Pro.* § 123 (3); *U. S. v. Gale*, 109 *U. S.* 65, 3 *Sup. Ct.* 1, 27 *L. Ed.* 857.

*Rodriguez v. U. S.*, 198 *U. S.* 156, 25 *Sup. Ct.* 617, 49 *L. Ed.* 994, cited by the defendant, while a mere dictum, is a case of this character. The question involved went to the validity of the whole Grand Jury Panel and was raised on a motion in arrest of judgment.

[8] An examination of the record shows that the matters embraced in paragraphs 8, 9, 12 and 13 of the plea were argued and passed on by this Court on the demurrer filed at a previous stage

of the case, and that the matters embraced in paragraphs 8, 9, 10 and 11 were also included in the previous motion to quash.

The first five paragraphs of the plea clearly relate to alleged irregularities with respect to the drawing of the Grand Jury and allege no facts tending to show that the whole proceeding of forming the jury panel was void.

The seventh paragraph merely alleges that it does not appear that twelve or more members of the Grand Inquest found the indictment, and does not allege that they "failed to find " it.

The tenth paragraph alleges that the indictment was found upon information given by one of the prosecuting officers" and not upon evidence presented in accordance with the law in such cases made and provided."

That this alleged defect comes within the class that may be waived by failure to raise the question at the proper time is clear. *U. S. v. Kilpatrick* (D. C.) 16 *Fed.* 765, 774; *Wharton's Cr. Pro. vol.* 2 (10th *Ed.*) § 1291.

The eleventh paragraph, if it means to raise any question not covered by paragraph 10, needs no comment.

The alleged irregularities, relied on by the defendant in his plea and which could be properly considered under it, are not of such a fundamental character that they would render the whole proceeding void; on the contrary, it is clear that a valid judgment can be entered on any verdict that may be rendered by a jury.

The cases cited by the defendant, therefore, do not support his contention, and for the reasons above given he has waived his right to raise any of the alleged irregularities by a plea in abatement at this stage of the case. The facts relied on in paragraph six of the plea would not only be subject to the same rule of waiver, if they properly alleged that a disqualified person served on the Grand Jury, (*U. S. v. Hammond*, 2 *Woods*, [*U. S. C. C. 5th Circuit*] 197; *Kitrol v. The State*, 9 *Fla.* 9, *Bishops New Cr. Proc.* 856, A (1), and 884, *Vol.* 1) but this Court knows of no rule of law or statute that disqualifies a county Trustee of the Poor from serving on that body. The other questions raised by the plea merely refer to alleged defects

appearing on the face of the indictment, the most of which, as above stated, have not only been passed on in previous arguments on the merits but cannot be raised under a plea in abatement. While the alleged defect relied on in paragraph seven was not passed on in any previous argument in this case, it raises no issue of fact and therefore comes within this class and cannot be considered under a plea in abatement.

[9] The plea in abatement is, also, defective by reason of insufficient allegations. Because of its dilatory character it must be pleaded with strict exactness and must set forth the facts relied on as a defence, with great particularity; there being no inferences, whatever, in favor of it. 1 *Bishop's New Cr. Pro.* §§ 324 and 745; *Wharton's Cr. Pro.* § 1355; *O'Connell v. Queen*, 11 *Clark & Finley*, 155-254 (8 *Eng. Rep.* 1063 [1096]); *Thompson & Merriam on Juries*, § 535; *Ward v. State*, 48 *Ind.* 289; *Dolan v. People*, 64 *N. Y.* 485, 492.

[10] Such a plea must exclude by proper allegations and averments every legal intendment or conclusion that might otherwise be made against it by the Court. *Chairs v. State*, 124 *Tenn.* 630, 139 *S. W.* 711, 714.

In *O'Connell v. Queen*, above cited, the Court said:

"It appears to be sufficient to say that the law requires a plea in abatement which is a dilatory plea to be pleaded with certainty, * * * or as it is expressed, * * *'with precise and strict exactness' or as it is laid down in *Chetham v. Sleigh* (1 *Lev.* 57) it ought to be 'certain to every intent'; and as this is the rule in a civil action, at least the same degree of precision and strict exactness is necessary in a plea of abatement to any proceeding at the suit of the crown."

In *Dolan v. People*, above cited, certain alleged defects in the drawing of the Grand Jury were relied on by the defendant.

The Court said,

"The plea contains no allegation of any corruption, dishonesty or unfairness on the part of any of the officers in selecting or drawing the Grand Jurors, or of any design to injure the defendant or any other person * * * . It is not apparent how the alleged irregularities harmed the defendant. It is certain that they had no relation whatever to the question of his guilt or innocence of the crime charged. Under such circumstances the indictment should be upheld, unless the facts pleaded point out some vital error. A plea in abatement is a dilatory plea, and it is a general rule that it must be strictly construed. The greatest accuracy and precision are required in framing it, and it must be certain to every intent."

*U. S. v. Tallman*, 10 *Blatchf.* 21, 26, *Fed. Cas. No.* 16,429, which was a motion to quash, is to the same effect.

This Court in *State v. Roberts*, 2 *Boyce*, 141, 78 *Atl.* 305, in refusing to quash an indictment on the alleged ground that it was found entirely on hearsay testimony, called attention to the fact that there was no averment of "any fraud or corruption on the part of the Grand Jury."

It is true that a motion to quash and not a plea in abatement was passed on in that case, but it shows that good reasons must be alleged in this State before the finding of a Grand Jury will be questioned. The conclusion of the Court is not only consistent with the principles laid down in *Dolan v. People*, where a plea in abatement was involved, but also with U. S. *v. Tallman*, where the question was raised on a motion to quash.

[11]   The plea in this case alleges that the indictment was "to the great prejudice of the defendant" but fails to allege how the defendant was injured or prejudiced by the alleged irregularity set forth. This is fatal. *Agnew v. U. S.*, 165 *U. S.* 36, 17 *Sup. Ct.* 235, 41 *L. Ed.* 624; *Lowdon v. U. S.*, 149 *Fed.* 673, 674, 675, 79 *C. C. A.* 361; *U. S. v. American Tobacco Co.* (*D. C.*) 177 *Fed.* 774, 778.

In fact it absolutely fails to meet any of the requirements as to particularity referred to above. So far as the action of the Grand Jury is concerned, it fails to allege any dishonesty, unfairness, fraud, corruption or design to injure the defendant. It also leaves the injuries suffered by the defendant because of the alleged irregularities, to inference. It is, therefore, insufficient, and the motion of the State to dimiss it is granted.