### THE CITY OF EVANSTON

*v.*

### W. H. MYERS.

*Opinion filed April 21, 1898.*

INTOXICATING LIQUORS—*party violating ordinance may be convicted on evidence of detective hired by city.* A driver of a beer wagon who sells beer in violation of a city ordinance is liable to punishment though the city furnished the money and employed the purchaser as a detective to discover violations of the ordinance, where no fraud or deceit was used in the purchase or any inducement offered other than a willingness to buy.

*City of Evanston* v. *Myers,* 70 Ill. App. 205, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Criminal Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is a proceeding by the city of Evanston, against William H. Myers, for violating its ordinance relating to the sale of intoxicating liquors. Complaint was made on the 15th day of July, 1896, by John Denvir, before George Kearney, a police magistrate, charging that on the 9th day of that month W. H. Myers did "violate a certain ordinance of said city concerning section 646 of the revised ordinances of 1893 of said city, by selling intoxicating liquor in the city of Evanston," etc. On this complaint the magistrate found him guilty. He appealed to the Criminal Court of Cook county and was there acquitted.

On a further appeal to the Appellate Court the judgment of the Criminal Court was affirmed, and from the judgment of affirmance of the Appellate Court this appeal was taken.

The section of the ordinance referred to, which was introduced in evidence, is as follows: "Whoever shall, by himself or another, either as principal, agent, clerk, servant or otherwise, directly or indirectly, sell, barter, exchange or give away within the corporate limits of said city any ale, porter, beer, weiss beer, lager beer, kimmel, wine, rum, brandy, gin, whisky, schnapps, bitters, cider, hard cider, manufactured cider, or any spirituous or vinous, malt, fermented, mixed or intoxicating liquors, or any mixture part of which is any of said liquor, or any intoxicating drinks, shall be fined not less than $10 nor more than $200 for each offense."

The testimony of several witnesses introduced on behalf of the city was heard, and from this it appears that on the day alleged in the complaint Myers was driving a beer wagon along an alley in Evanston, when he was hailed by Denvir, the prosecuting witness; that the latter bought of Myers a case of twelve bottles of lager beer, paying fifty cents therefor, and that the act was witnessed by others; that the money thus used was furnished by a society in Evanston known as the "Four-Mile League" and the city of Evanston, and was supplied by the chief of police of Evanston to Denvir to enable him to buy beer of those who were willing to sell, for the purpose of detecting violators of the ordinance.

GEORGE S. BAKER, for appellant.

WILLIAMS, KRAFT & RUST, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The Appellate Court, in passing upon this case, found that the beer was sold as alleged in the complaint, but held that, inasmuch as the city furnished the money and

the purchaser was in its employ to discover violators of the ordinance, the offense was one induced by the city of Evanston, and the defendant was not punishable therefor. Under the facts of the case, as we understand them, we cannot concur in this view. The offense, if one was committed, consists in the unlawful selling of intoxicating liquor. The defendant was passing through an alley in Evanston with a load of beer when Denvir hailed him, asking, "How is it for a case of beer?" to which he replied, "It is all right." The money was paid and the beer handed out. It is clear that Denvir, in making this purchase, used no fraud, deceit, or inducement other than a willingness to buy. It also appears, uncontra-dicted, that appellee had sold beer to Denvir at other times, in violation of the ordinance in question. On this occasion he was willing to do so again. The offense of selling this beer having been voluntarily committed, is it reasonable to say that the willingness of Denvir to purchase, for whatever purpose or object, constitutes a sufficient inducement to appellee to make the sale, so as to excuse the act? We think not. The offense consisted, not in the buying, but in the selling of the beer.

A number of cases are cited to sustain the theory of appellee's defense, but in those cases the criminal acts charged were not wholly voluntary on the part of the defendant, but were *induced*, in some measure, by the acts and conduct of the prosecuting witnesses. The principle here involved is well announced in the case of *Grimm* v. *United States*, 156 U. S. 604. In that case a post-office inspector suspected Grimm of being engaged in the business of selling obscene pictures and sending them through the mails. Under assumed names the inspector wrote for a supply of the pictures, and received them from defendant. In defense of the charge made against him, defendant insisted the conviction should not be sustained because the letters were deposited in the mails at the instance of the government and through the solicitation of one of its offi-

cers.  Upon this point the court said: "It does not appear that it was the purpose of the post-office inspector to induce or solicit the commission of a crime, but it was to ascertain whether the defendant was engaged in an unlawful business. · * * *  The law was actually violated by the defendant.  He placed letters in the post-office which conveyed information as to where obscene matter could be obtained, and he placed them there with a view of giving such information to the person who should receive those letters, no matter what his name; and the fact that the person who wrote under these assumed names and received his letters was a government detective in no manner detracts from his guilt."  See the cases there cited.

In the case at bar it may be truly said it does not appear that it was the purpose of the city of Evanston to induce or solicit the unlawful selling of beer within its limits, but to ascertain whether the ordinance was being violated in that regard.  The appellee committed the act charged against him, deliberately and voluntarily, and in such a manner as to indicate that he would have sold beer to any other person applying for it.  We think no element is wanting on the part of appellee in this case to bring this act within the letter and spirit of the ordinance.  The position of appellee is not that he is innocent of the offense charged, but that his guilt was proven on the trial by evidence obtained in an objectionable manner by the city.  This is a matter of which he has no right to complain.

Other points insisted upon by counsel for appellee have been duly considered, but we find no substantial merit in them.

The judgments of the Criminal Court and Appellate Court will be reversed, and the case will be remanded to the Criminal Court.    *Reversed and remanded.*