BOMBARGER v. UNITED STATES.

(Circuit Court of Appeals,. Fifth Circuit.   December 9, 1914.)

No. 2498.

CRIMINAL LAW ⟨⟩1173—INSTRUCTION TO IGNORE QUESTIONS AS IMPROPER—
REFUSAL TO GIVE—HARMLESS ERROR.

On the trial of a defendant charged with the violation of Pen. Code (Act March 4, 1909, c. 321) § 211, 35 Stat. 1129 (Comp. St. 1913, § 10381), by sending through the mails a letter giving information where and by whom an abortion could be procured, where a witness was asked if defendant made a proposition to her to assist in performing abortions, which question on objection was excluded, it was prejudicial error for the court, also in the presence of the jury, to refuse to give an instruction to the jury not to consider such question.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3164–3168; Dec. Dig. ⟨⟩1173.]

In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Criminal prosecution by the United States against L. G. Bombarger. Judgment of conviction, and defendant brings error.   Reversed.

P. G. Dedmon, W. P. McLean, and D. W. Odell, all of Ft. Worth, Tex., and Bernard Titche, of New Orleans, La., for plaintiff in error.

Jas. C. Wilson, U. S. Atty., and William E. Allen, Asst. U. S. Atty., both of Dallas, Tex.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

CALL, District Judge.   The plaintiff in error in this case was, on March 12, 1913, indicted for violating section 211 of the Penal Code of 1910, which declares certain matter nonmailable, and provides a penalty for "whoever shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything declared by this section to be nonmailable."   The section provides, among other things, that:

"Every written or printed card, letter, circular, book, pamphlet, advertisement, or notice of any kind, giving information directly or indirectly * * * where or by whom any act or operation of any kind for the procuring or producing of abortion will be done or performed," shall be non mailable.

The indictment, omitting the formal parts, charges that:

"On the 17th day of August, A. D. 1912, one L. G. Bombarger, whose Christian name is to the grand jurors unknown, did unlawfully, knowingly, and feloniously deposit and cause to be deposited in the United States post office at Ft. Worth, Texas, for mailing and delivery, certain nonmailable matter; that is to say, he, the said L. G. Bombarger, had, on or about the seventeenth day of August, 1912, received the following inquiry, to wit: 'Pond Creek, Oklahoma, Aug. 15, 1912.   Dr. Bombarger, Ft. Worth, Texas— Dear Doctor:   I am writing to ask you to perform a professional service that may not be exactly in your line.   I am a man of family and have been so unfortunate as to get a young woman in a family way.   Can I arrange with you to take the case and give her proper. treatment so as to relieve her condition at once?   She is about two months gone now.   Want to arrange

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to bring her to Ft. Worth part of this month, when I have to go there on business. Please drop me a line advising whether you will take the case and how long girl will have to stay there. Yours truly, John O'Long, Box 42.' And thereupon and thereafter and heretofore, to wit, on the seventeenth day of August, A. D. 1912, and within the jurisdiction of this court, to wit, within Ft. Worth, Tarrant county, state of Texas, he, the said L. G. Bombarger, did unlawfully, knowingly, and feloniously deposit and cause to be deposited in the United States post office at Ft. Worth, Texas, for mailing and delivery, a certain envelope, which said envelope then and there had United States postage thereon, and which said envelope was addressed, 'Mr. John O'Long, Box 42, Pond Creek, Okla.,' and which envelope so deposited and so stamped and so addressed then and there contained one sheet of paper with the following words and sentences thereon, to wit: 'Ft. Worth, Texas, Aug. 17, 1912. Mr. John O'Long—Dear Sir: Your letter to hand and contents noted. I think from what you say you are up against an operation. When you come to this city you may call upon me and I will give you my advice. Yours truly, L. G. Bombarger, M. D., 513½ Main St.'—and which said letter so deposited and caused to be deposited by him, the said L. G. Bombarger, then gave information indirectly by whom an operation for the producing of abortion would be done and performed, to wit, by him, the said L. G. Bombarger, he, the said L. G. Bombarger, then and there well knowing at the time he deposited and caused to be deposited in the said United States post office for mailing and delivery, within the venue aforesaid, on the date aforesaid, the same said envelope, addressed as aforesaid, containing the sheet of paper with the writing thereon as aforesaid, the same said writing and import thereof," concluding in the usual manner.

The plaintiff in error thereupon on the 24th day of March, 1913, filed his motion to quash, containing six grounds. Before the trial he also demurred to the indictment on the ground that for various reasons section 211 of the Penal Code was unconstitutional and void. The motion to quash and the demurrer were each, on hearing same, overruled and denied, and the action of the trial court in making each of said orders is assigned as error herein; the first six assignments being directed to the court's action in overruling the motion to quash. The seventh assignment is to the court's action in overruling the demurrer to the indictment. We have carefully examined the grounds of said motion to quash and the demurrer, and are satisfied the trial court committed no error in overruling said motions, and will not pause to discuss them.

The bill of exceptions, No. 2A, contains a motion to compel the United States to make disposition of a former indictment against him, which motion the court overruled, and its action is assigned as error in the eighth assignment. The trial court properly exercised its discretion in said ruling, and no possible injury could have resulted to the defendant by such ruling.

The bill of exceptions contains what purports to be a motion in arrest of judgment. The record proper shows no such motion. However, even if said motion in arrest was in the record and could be considered, it is simply repeating the grounds of the demurrer, and, if not valid on demurrer, would be equally unavailing in a motion in arrest. Assignments 22, 25, 26, and 27 are directed to the court's attention in denying the motion in arrest.

Assignments 9 and 10 are directed to the action of the court in admitting the testimony of C. W. B. Long, a witness for the government, who testified to going to see Bombarger and the conversation that

ensued. The plaintiff in error strenuously insists upon these assignments, but after a careful consideration of the same we are of opinion that said assignments are not well taken. The other assignments, except the 11th, are based on the court's charge, or its neglect to charge, as contended by plaintiff in error, these being assignments numbered 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 23. We have examined each of these assignments and are satisfied that no reversible error is pointed out by either of them. We think the case of Grimm v. U. S., 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550, settles the contentions of plaintiff in error against him.

We come now to consider the eleventh assignment of error, to wit, that the court erred in refusing to instruct the jury not to consider the question asked Mrs. Nahona Stayton, to which action of the court the plaintiff in error reserved his exception. Bill of exception No. 5 shows the government called Mrs. Nahona Stayton as a witness, and the district attorney asked her the following question, after inquiring her name and if she knew Dr. Bombarger:

"Along in the summer of 1912, did he come to you and make a proposition to you to assist him in performing abortions and dividing the fees?"

The court sustained the objection of plaintiff in error to the question, whereupon the district attorney offered certain advertisements. What they were the bill of exceptions does not show, but thereupon counsel for plaintiff in error moved the court to instruct the jury not to consider the question propounded by the district attorney in their presence to the witness Stayton. This the court did not do, and it was properly excepted to.

We think the court should have so instructed the jury. The question was rankly leading, did not tend to prove any issue in the case on trial, and very prejudicial to the defendant. The question was asked in the presence of the jury, and could have been intended for no purpose other than to prejudice the defendant before them. We cannot assume that the district attorney was so ignorant of the rules of evidence that he did not know such a question, framed as it was, was leading, according to all the rules, was entirely irrelevant and immaterial to the issue then being tried, of conveying information through the mails, and violently prejudicial to the defendant on trial. Such an assumption would do violence to our common sense. The motion for the instruction was made also in the presence of the jury, and the court's failure or refusal to so charge them must have left upon their minds the idea that they might consider it in arriving at their verdict.

"It does not reflect in any degree upon the intelligence, integrity, or the honesty of purpose of the juror that matters of a prejudicial character find a permanent lodgment in his mind, which will inadvertently and unconsciously enter into and affect his verdict. The juror does not possess that trained and disciplined mind which enables him either closely or judicially to discriminate between that which he is permitted to consider and that which he is not." Whart. Crim. Ev. (10th Ed.) § 32.

Again:

"While the law regards as relevant all facts touching the credibility of the accused, or that can aid a jury to determine the weight of testimony, and while the question of relevancy must rest largely in the discretion of

the trial judge, to be exercised by him with regard to the particular facts of each case, there is a marked distinction drawn between such facts and those sought to be brought out that merely tend to degrade the accused, or by innuendo to place irrelevant testimony before the jury. Such questions, 'Is it or not true that you have served a term in the penitentiary?' or 'Have you not been arrested for felony?' where not propounded in good faith, or asked concerning facts that in themselves are relevant, constitute reversible error, even though such questions are objected to at the time on the ground of irrelevancy, and the answer excluded by the court. The reason is the irrelevant facts have been placed before the jury by innuendo, the sinister influence remains, nor is it destroyed by the exclusion. It rationally follows, therefore, that the jury has been prejudiced against the accused, as fully as though the irrelevant facts themselves had been admitted, and nothing that the court can say entirely obliterates the effect." Whart. Crim. Ev. (10th Ed.) vol. 1, p. 56.

A number of appellate courts have gone to the full extent of the quotation above from Mr. Wharton, and will be found referred to in People v. Wells, 100 Cal. 459, 34 Pac. 1078. It is not necessary for us to go to that length in the present case. Here the request of the accused to have the court specifically charge the jury not to consider the question of the district attorney was ignored, and not given, and the action of the court seasonably excepted to by the accused. Nothing was done by the court to eradicate from the minds of the jurors the prejudice against the accused instilled by this question. The refusal or neglect of the court to do this must have left its impression also on their minds.

It might be well to call to the attention of the prosecuting officers the quasi judicial position they occupy as officers of the court and officers of the government which they represent. Their duties require them to prosecute, not persecute. They are appointed to enforce the laws under the beneficent system that requires the proofs of the prosecution to be so strong as to convince the minds of the jury to a moral certainty. They represent the government and as well the defendant, a citizen of that government; and the burden of seeing that the accused has a fair and impartial trial rests upon them equally as upon the court. This burden is not supported when the prosecuting officer by innuendo, asking leading questions that can only bring out irrelevant testimony, seeks to prejudice the accused before the jury. It is to be deplored that this is sometimes done in the heat of a trial.

For the error assigned in the eleventh assignment, the judgment is reversed, and the case remanded for a new trial.