## RITZMAN v. UNITED STATES.

(Court of Appeals of District of Columbia.
Submitted October 8, 1924. Decided
January 5, 1925.)

No. 4119.

1. **Witnesses ☞330(1)—Answer to question on cross-examination of seller, from whom army officer was alleged to have accepted bribe, as to whether representative was in Washington on certain date, held properly excluded.**

In prosecution of former army officer for accepting bribe for recommending requisitions for supplies, in which seller, for whom defendant had made recommendations, testified on direct examination that defendant had told him that seller had wrong representative in Washington, but had not testified that representative had sought to secure orders on particular date, exclusion of answer to question on cross-examination as to whether representative was in Washington on such date *held* not error, since answer could not have affected credibility of witness.

2. **Witnesses ☞330(1)—Cross-examination of witness, who had testified that he had been directed to prepare requisition, as to authority to make requisition held improper.**

In prosecution of former army officer for accepting bribe for recommending requisitions for supplies, in which witness had testified that defendant had directed him to prepare a requisition, exclusion of answer to question on cross-examination as to whether witness had authority to make requisitions *held* not error, since credibility of witness could not have been affected by answer.

3. **Witnesses ☞259—Submission of stenographic report of conversation to stenographer, in order that she might correct her testimony as to date on which conversation occurred, held not error.**

Where witness, who had made stenographic report of conversation, testified on cross-examination that conversation occurred on certain date, and stated on redirect examination that date on report of conversation reminded her that conversation took place on such date, it was proper to resubmit paper to her on such redirect examination, in order that she might correct her testimony to conform with date stated on report.

4. **Criminal law ☞1170½(1)—Resubmission of report to witness on redirect examination, to enable her to correct her testimony, held not prejudicial.**

Resubmission on redirect examination of stenographic report of conversation to stenographer, who had testified relative thereto, in order that she might correct her testimony as to date on which conversation occurred, *held* not prejudicial to defendant, where the mistake of the witness as to dates was left to jury, in determining her good faith, reliability of her memory, and the weight to be given her testimony.

5. **Bribery ☞11—Evidence held to sustain conviction of former officer for accepting bribe for recommending requisitions for supplies.**

In prosecution of former army officer for accepting bribe for recommending requisitions for supplies, evidence *held* to sustain conviction.

6. **Criminal law ☞772(6)—Instruction on entrapment held not warranted.**

In prosecution of former army officer for accepting bribe for recommending requisitions for supplies, in which seller of supplies had testified that, on defendant's suggestion that commission be paid, he had taken matter to Department of Justice and had paid defendant marked bills, instruction on entrapment *held* not warranted.

7. **Criminal law ☞507(1)—Seller of supplies to government held not "accomplice," in prosecution of army officer for accepting bribe.**

In prosecution of former army officer for accepting bribe for recommending requisitions for supplies, seller, who had taken matter to Department of Justice on defendant's suggestion that he receive commission, and had paid defendant's marked bills, *held* not an "accomplice."

Appeal from Supreme Court of District of Columbia.

Charles A. Ritzman was convicted of bribery, and he appeals. Affirmed.

T. C. Bradley and Howard F. Costello, both of Washington, D. C., for appellant.

Peyton Gordon, of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. Charles A. Ritzman, a captain in the United States Army during the World War, was assigned to the Maintenance Division of the Motor Transport Corps, and charged with the duty, among other things, of recommending requisitions for skid chains, parts, and supplies required by army motor vehicles in the United States and overseas. Ritzman was indicted for accepting a bribe to influence his action and recommendation as a government official concerning the purchase of skid chains and fasteners for the Army of the United States. After a trial before a jury duly impaneled, Ritzman was found guilty and sentenced to the penitentiary. From that judgment this appeal was taken.

From the evidence on the part of the government it appears that the Standley Skid

Chain Company was engaged in the business of manufacturing skid chains, and that its product had been approved by the Quartermaster General for use on army motor vehicles; that, no orders for skid chains having been placed with the company, Standley, its president, called on Ritzman for the purpose of ascertaining the reason, if any there was, for denying his company a share of the business; that Ritzman privately informed Standley that the company was not properly represented in Washington, and introduced to Standley a Mr. Vandergrift, whom he recommended to Standley as a person who would properly represent the company; that later Ritzman informed Standley that one Millar, in the Engineers' Department of the Army, had received $15,000 for specifying another make of skid chains known as the Chalnor chain, and that no other chain would be requisitioned unless some one was paid for overruling Millar's decision; that, if the Standley Company expected to get its chains accepted, it would be necessary for the representative of the company to pay money to Millar; that Standley went to see the civil head of the department in which Ritzman was employed, and was taken to the Department of Justice, where he talked with one of the attorneys of the department; that in November, 1918, Ritzman went to Standley's hotel and stated to the latter that he could order over Millar's head, and would order approximately 100,000 sets of Standley skid chains, if Standley would give him a 5 per cent. commission; that the next day Ritzman informed Standley that he (Ritzman), had instructed Lieut. Butler to make out the order for the Standley chains; that the next evening Ritzman told Standley that the order was assured for 100,000 sets of skid chains, and suggested that a 5 per cent. commission be paid to him, as he was broke and needed the money for expenses; that Standley gave Ritzman $800 in marked bills, which had been previously furnished to Standley by agents of the Department of Justice.

Ritzman took the stand in his own defense, and testified that Standley said to him that he was willing to pay 5 per cent. to anybody that would get the business; that he called on Standley on Standley's invitation, and that he accepted $800 from Standley, and intended to report the transaction to his superior officer, in order that Standley and his company might be barred from transacting any further business with the government.

The appellant assigns 61 alleged errors as grounds for reversal, most of which are without even the semblance of merit and are not discussed in appellant's brief. Appellant contends that he should have been allowed the fullest opportunity to cross-examine the witnesses for the prosecution, in order to test their credibility, and that his right to do so was denied during the cross-examination of the government witnesses Standley, Butler, and Irene Kenney.

[1] Standley testified on direct examination that he called upon the appellant several times to find out why the company's representative had been unable to get any orders for skid chains from the government, and that Ritzman finally replied that the company had the wrong representative in Washington. On cross-examination the appellant sought to question Standley as to whether the representative of his company was in Washington in August, 1918. The court sustained an objection to that question, and to that ruling the defendant excepted.

Just how an affirmative or negative answer to the question propounded by appellant in any way affected Standley's credibility is not apparent. If Standley had testified that his company's representative had sought to secure orders for skid chains in August, 1918, there might have been some reason for asking the question excluded by the court. Standley did not so testify, however, and the court did not err in refusing to allow the question.

[2] Butler testified for the government that Ritzman directed him to prepare a requisition for Standley skid chains, and to the following question he made the following answer:

"Q. As a matter of fact, you did not make requisition, or have anything to do with it, until after you were appointed by somebody other than Capt. Ritzman? A. I never did."

On cross-examination appellant's counsel sought to develop the point that Lieut. Butler had no *authority* to make requisitions. The court stated that cross-examination of the witness as to whether he was directed by Ritzman to *prepare* the requisition would be permitted, but declined to allow appellant to cross-examine Butler as to his authority to make the requisition, and to that ruling an exception was taken. It is perfectly apparent that the *preparation* of a requisition is one thing, and the authority to make it is something quite different. The fact that Butler testified that Ritzman di-

rected him to *prepare* the requisition did not imply that he had authority to make or execute it, and consequently the credibility of the witness could not be affected by evidence tending to show that he had no authority to *make* it.

Irene Kenney, a witness for the prosecution, testified on direct examination that on the night of November 21, 1918, she heard and made a stenographic report of the conversation between Standley and Ritzman at the time the former gave to the latter the sum of $800 in marked bills. At first she identified a paper as a transcript of her stenographic notes, but on further examination of the paper she found that it did not have her initials and refused to identify it. On cross-examination she testified that the conversation she heard and reported occurred on the 22d of November, 1918. On redirect examination she stated that the date on the paper submitted to her reminded her that the conversation took place on the 22d of November. The paper was again submitted, and the following question propounded:

"Q. And do you mean by that the date that I now point to you on that paper that has been marked for identification D?

"Appellant: I object, of course, to any reference to this paper."

The objection was overruled, and the defendant excepted, whereupon the witness answered:

"A. The date that you pointed to was the date the conversation took place.

"Q. And what was that date? A. November 21st."

Counsel for defendant objected to any reference by the witness to the paper. The court overruled the objection, and defendant excepted.

[3, 4] The witness having testified on redirect examination that the paper showed the date to be November 22d, it was entirely proper to resubmit the paper to her, in order that she might explain or correct her testimony in that behalf. Moreover, the ruling of the court did not operate to the disadvantage of the defendant, and the mistake of the witness as to the dates was left to the jury to consider, in determining her good faith, the reliability of her memory, and the weight that should be given to her testimony.

The appellant contends that the evidence was insufficient to justify a conviction, and that the only testimony against him was that of uncorroborated accomplices, who entrapped him and enticed him to commit the offense.

[5-7] The evidence submitted to the jury was ample to sustain a conviction, and there is nothing in the record which would have warranted the court in instructing the jury that the defendant was enticed or entrapped into committing the offense, or that any witness against him was an accomplice. United States v. Reisenweber et al. (C. C. A.) 288 F. 520; Grimm v. United States, 156 U. S. 604–610, 15 S. Ct. 470, 39 L. Ed. 550.

The judgment appealed from is affirmed.