FRENCH *v.* STATE.*

(En Banc. March 5, 1928. Suggestion of Error Overruled March 19, 1928.)

[115 So. 705. No. 26745.]

1. INTOXICATING LIQUORS. *Sale of intoxicating liquor is violation of law, regardless of intent.*

A sale of intoxicating liquor is a violation of law, regardless of intent of seller.

2. CRIMINAL LAW. *That sale of liquor was induced by prohibition officer was no defense.*

That sale of intoxicating liquor was induced by prohibition officer was no defense in liquor prosecution.

3. CRIMINAL LAW. *In liquor prosecution, refusing instructions presenting defense of entrapment held not reversible error.*
   In prosecution for sale of intoxicating liquor, refusing requested instructions presenting defense of entrapment *held* not reversible error.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 88, n. 45; p. 89, n. 51; p. 1066, n. 89; Intoxicating Liquors, 33CJ, p. 597, n. 72. Entrapment to commit crime with view to prosecution for violation in intoxicating liquor law, see annotation in 30 L. R. A. (N. S.) 946; 18 A. L. R. 162; 35 A. L. R. 968; 15 R. C. L. 391; 4 R. C. L. Supp. 993.

APPEAL from circuit court of Rankin county.

HON. G. E. WILSON, Judge.

A. R. French was convicted of selling intoxicating liquor, and he appeals. Affirmed.

*Broom & Gober,* for appellant.

Appellant cites the following authority on inducement and entrapment as a defense: *Saunders* v. *People,* 38 Mich. 218, 16 C. J. 90; *State* v. *Abley,* 109 Iowa, 61; *Strait* v. *State,* 77 Miss. 693; *U. S.* v. *Yick,* 240 Fed. 60; *Woo Wai* v. *U. S.,* 223 Fed. 412; *Taylor* v. *U. S.,* 193 Fed. 968; *U. S.* v. *Jones,* 80 Fed. 513; *U. S.* v. *Healey,* 202 Fed. 349; *U. S.* v. *Adams,* 59 Fed. 674; *Willcox* v. *People,* 17 Cal. App. 109; *People* v. *Braisted,* 15 Colo. 532; *Ford* v. *Denver,* 10 Colo. 500; *Dalton* v. *State,* 113 Ga. 1037; Cornelius on Search & Seizure, p. 163, sec. 39.

*Rufus Creekmore,* for the state.

In *Brantley* v. *State,* 107 Miss. 466, 65 So. 512, appellant was requested by a certain Mr. Sikes to purchase for him some whisky and received from him three dollars with which to make the purchase. The appellant then went to the deputy sheriff, reported the facts to him and was requested by the deputy to make the purchase, the deputy stating that he wanted to catch the seller of the liquor and that no harm would come to him by reason

of making the purchase. The appellant purchased the whisky, and was then charged with acting as agent in the unlawful purchase of intoxicating liquor, and was tried and convicted on this charge. The court held that the conviction should be sustained because in order to provide the seller of the liquor with an opportunity of violating the law, he himself committed a crime distinct from and not included in the one she was induced to commit.

A person making an unlawful sale of liquor is not excused from criminality by the fact that the sale is induced for the sole purpose of prosecuting the seller. It is only where the accused is lured into an unlawful sale of liquor by government officials and is a mere passive instrument in their hands that the entrapment would bar a prosecution. Cornelius on Search and Seizure, sec. 39, p. 163. See, also, case note to *Butts* v. *U. S.,* 18 A. L. R. 143, 273 Fed. 35; Blackmore on Prohibition (2 Ed.), sec. 75, p. 81; *U. S.* v. *Papagoda,* 288 Fed. 214.

PACK, J. Appellant was convicted in the circuit court of Rankin county of the unlawful sale of intoxicating liquor, and sentenced by the court to pay a fine of fifty dollars, and imprisonment for a term of ninety days.

The testimony for the state tended to show that one Schneider was an employee of the federal prohibition forces, and was assigned to the Mississippi Gulf Coast for the purpose of apprehending violators of the federal prohibition laws. The appellant, at the time, was a resident of Pass Christian. Schneider and French planned a trip from the coast to Jackson. They left in Schneider's car on a certain Saturday night, accompanied by their wives. French loaded, or caused to be loaded, into said car five cases of whisky, having obtained same from a secluded place a mile or more from his home. It was brought to supply his customers in the city of Jackson. They arrived early Sunday morning at the home of one Boateler, a resident of Rankin county, and

the father-in-law of Schneider. French requested permission of Boateler to store the liquor in his house until the next day, stating his reason for making such request was that he would be unable to see his customers on Sunday. After some hesitation, Boateler agreed that the whisky might be stored in his smokehouse. All of them stopped at Boateler's for breakfast. Later in the day, Schneider drove into Jackson and reported the matter to his superior officer, a Mr. Chapman, who, immediately went to the home of Boateler, and arranged for the purchase by Boateler from French, of six quarts of the said whisky, giving him twenty-five dollars with which to pay for same. On Monday following, Boateler bought the six quarts of whisky from French, paying for it with the money left by Chapman.

The testimony for appellant tended to show that Schneider was the moving spirit in the whole transaction; that it was Schneider's whisky; that he (French) had nothing to do with loading the whisky in the car, but that Schneider placed it there; that Schneider owed him a large sum of money; and that Schneider intended to apply the proceeds of the sale of all this whisky on said debt. Appellant further testified that Schneider represented that, in his capacity as federal prohibition officer, he had a right to sell whisky for the purpose of catching law violators. Appellant further testified, that he at first demurred to selling any part of this whisky; that he had formerly been "mixed up" in selling whisky; did not want to become involved again; and, but for the representations of Schneider, he would not have been connected with this sale.

The proof further shows that the appellant was an old offender against the prohibition laws, having pleaded guilty in the state and federal courts to selling intoxicating liquor. It is not denied that the sale was made by French to Boateler. Appellant attempts to justify the sale on the ground that he was induced by the officer,

Schneider, to make it; in other words, the sole defense is what some of the law books designate as "entrapment."

The point was raised in the trial court by three skillfully drawn instructions, each presenting this defense in varied phases. The trial court refused to grant these instructions. The question of whether or not entrapment was a defense in this case is therefore sharply raised. The proposition arises for the first time in this court. Appellant cites *Strait* v. *State,* 77 Miss. 693, 27 So. 617. In that case the law office of Ethridge & McBeath, a firm of lawyers, had been often entered by some person, and the office boy was suspected as the culprit. Green Morton was requested by the lawyers to investigate the matter. Morton, under pretense that he had left a bundle in the office, procured the key thereto from Strait, who was carrying it in discharge of his duties for his master, entered the office followed by Strait, who was afterwards arrested and convicted of burglary. This court held that, since Morton entered the office under license of the owners, there was no burglary as to him, and, unless he (the principal) was guilty, Strait was not guilty of the crime. We do not think this authority supports appellant's position.

Cornelius on Search and Seizure, p. 163, under the title of "Entrapment of Defendant," says:

"In the absence of special circumstances excusing it, a person who, at the suggestion of another, commits a crime not particularly affecting an individual in person or property, is just as guilty as though the design had originated with him, and this is true, though the suggestion came from an officer of the law. Of this class are crimes involving the illegal sale of intoxicating liquor."

Discussing the same subject (16 C. J., p. 88), it is said: "The general rule is that it is no defense to the perpetrator of a crime that facilities for its commission were purposely placed in his way, or that the crime was done

at the 'decoy solicitation' of persons seeking to expose the criminal, or that detectives feigning complicity in the act were present and apparently assisting in its commission."

The same authority on page 89 further states: "It is generally held that it is no defense to a prosecution for an illegal sale of liquor that the purchase was made by a spotter, detective, or hired informer."

We quote from 8 R. C. L. 129, as follows: "In regard to crimes that do not particularly affect individuals in their persons or property, but involve an unlawful business, such as the unlawful traffic in intoxicating liquors, improper use of the mails, passing counterfeit money, etc., there is no individual whose consent will excuse it. In most of such cases positive evidence against wrongdoers is usually obtainable through decoys or detectives, and in prosecution based on information thus obtained, it has been argued that the act was done at the instigation or solicitation of an agent of the government, and that therefore there could be no conviction. To this argument, the courts have responded that the purpose of the detective is not to solicit the commission of a crime but to ascertain whether the defendant is in an unlawful business."

See, also, 1 Bishop on Criminal Law (9 Ed.), p. 685.

In *Borck* v. *State,* 39 So. 580, the supreme court of Alabama held: "The fact that Plunkett was an officer of the law can make no difference, since an officer could not, by giving his consent to the sale, any more justify the act on the part of the defendant than would be the consent of any private person."

*State* v. *Currie,* 13 N. D. 655, 102 N. W. 875, 69 L. R. A. 405, 112 Am. St. Rep. 687, was a prosecution for burglary. A detective feigned participation in the offense, for the purpose of catching the guilty man. The supreme court of that state commented as follows:

"Without commending this practice, or commenting upon it as dangerous and generally of doubtful proprie-

ty, we will say that, if the defendant is shown to have committed the crime in its completeness, the feigned complicity of a detective in the crime should not be a shield to the defendant. The authorities almost unanimously hold that a detective may aid in the commission of the offense in conjunction with a criminal, and that the fact will not exonerate the guilty party.''

*People* v. *Mills,* 178 N. Y. 274, 70 N. E. 786, 67 L. R. A. 131, was a case where the district attorney had permitted court papers to be taken from files by an agent, for the purpose of catching the would-be bribe giver. The court there held:

''We are asked to protect the defendant, not because he is innocent, but because a zealous public officer exceeded his powers and held out a bait. The courts do not look to see who held out the bait, but to see who took it. When it was found that the defendant took into his possession the property of the state with intent to steal it, an offense against public justice was established, and he could not insist as a defense that he would not have committed the crime if he had not been tempted by a public officer whom he thought he had corrupted. He supposed he had bought the assistant district attorney when he handed over the money, but he knew he had not bought the state of New York, and, hence, that the assistant had no right to give him its property for the purpose of enabling him to steal it.''

In *Grimm* v. *United States,* 156 U. S. 604, 15 S. Ct. 470, 39 L. Ed. 550, a post office inspector suspected Grimm of being engaged in selling obscene pictures through the United States mail. Under an assumed name, a supply was ordered from Grimm by the inspector, and received by mail in response to the order. The defense of entrapment was urged, but rejected by the court. The court said:

''The law was actually violated by the defendant; he placed letters in the post office which conveyed in-

formation as to where obscene matter could be obtained, . . . and the fact that the person who wrote under these assumed names and received his letters was a government detective in no manner detracts from his guilt.''

In *City of Evanston* v. *Meyers*, 172 Ill. 266, 50 N. E. 204, money was furnished by the city to a detective to buy beer from defendant, suspected of selling it in violation of law. Quoting from, and following, the *Grimm case, supra,* the Illinois court held:

''The appellee [defendant] committed the act charged against him, deliberately and voluntarily, and in such a manner as to indicate that he would have sold beer to any other person applying for it.'' *Ramsey* v. *United States* (C. C. A.), 268 F. 828; *Saucedo* v. *United States* (C. C. A.), 268 F. 830; *Farley* v. *United States* (C. C. A.), 269 F. 721.

Two of the last three cases cited rely upon the *Grimm case, supra,* as controlling authority.

There is an exhaustive case note appended to the case of *Butts* v. *United States,* 18 A. L. R. 143. At page 162, the author lays down this headnote:

''The great weight of authority supports the view that a person making an unlawful sale of liquor is not excused from criminality by the fact that the sale is induced for the sole purpose of prosecuting the seller.''

Marshaled under this headnote are cases from eighteen states, as well as a number of federal cases.

There is proof abundant in this case to show every element of a completed sale. Appellant is not charged with a crime involving the personal or property rights of individuals, such as theft, burglary, trespass, rape, and kindred offenses, where the consent of the person or owner might be an element of the offense. It is made a crime against the state to sell whisky; and it will not avail defendant to say, ''I had no intention of violating the law.'' A sale of intoxicants is a violation of the law, regardless of the intent of the seller. *Bacot* v. *State,* 94 Miss. 225, 48 So. 228, 21 L. R. A. (N. S.) 524, 136 Am.

St. Rep. 574. The act of Schneider may be of doubtful propriety, and we are not called upon here to commend the same; nevertheless, such acts afford no justification for appellant. Schneider had no more right than did any other individual to consent to the violation of our state prohibition law, or to grant to appellant immunity from prosecution for its violation. If appellant relied upon such representation, and made the sale, he did so at his own peril, and should suffer the consequences. He cannot now say, "I was tempted, and did eat." There are authorities to the contrary, but we deem it safer to align ourselves with what seems to be the great weight of authority.

The court below committed no reversible error in refusing the instructions requested by appellant. The judgment of the lower court will therefore be affirmed.

*Affirmed.*