**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James R. PERKINS, Defendant-Appellant.**

**No. 14232.**

United States Court of Appeals Sixth Circuit.

Feb. 2, 1961.

Don Wolfson, Cleveland, Ohio, Wolfson & Paris, Cleveland, Ohio, on the brief, for appellant.

George W. Morrison, Asst. U. S. Atty., Cleveland, Ohio, Russell E. Ake, U. S. Atty., Cleveland, Ohio, on the brief, for appellee.

Before McALLISTER, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Defendant, James R. Perkins, was charged in a three count indictment with violation of Section 1461, Title 18 U.S.C. Counts one and three charged that on stated dates he had knowingly deposited for mailing certain nonmailable matter, namely, a writing giving information

where obscene, lewd, lascivious and filthy matter might be obtained. Count two charged that on a stated date defendant had knowingly deposited for mailing an envelope which contained obscene and lewd photographs of women. The jury was unable to agree as to the guilt or innocence of the defendant of the offense charged in count two, but found him guilty of the offenses charged in counts one and three.

To sustain its charge under count one, the Government proved the mailing by defendant, on or about July 31, 1959, of an advertisement which gave the name and address in Nancy, France, of a source where "French Photos" might be obtained. It advertised that a price list and "wonderful, exciting sample pictures of * * * tantalizing nudes, etc." could be obtained by sending $1.00 to a person at the given address in Nancy, France. To support its charge in count two, the Government offered evidence to prove the mailing by defendant to a U. S. Postal Inspector, of photographs of nude women. Upon receipt of this latter material, the postal inspector solicited further material from defendant and by a mailing of October 7, 1959, defendant supplied a source list containing the names and addresses of "handlers of nude products * * * photos * * * etc." Among the sources so listed was one located in Singapore, Malaya. This list also contained a duplicate of the advertising of the source of the "French Photos." This mailing of October 7, 1959, was the act constituting the offense charged in count three of the indictment.

██ At the time of his arrest on November 5, 1959, the defendant voluntarily turned over to the arresting officers a large amount of printed material which he then had in his home. Included in this material was an envelope addressed to the defendant at his residence address in Cleveland, Ohio, disclosing its mailing from the source in Nancy, France, and establishing that this envelope had been received in the regular course of the mail by defendant. The contents of this envelope listed materials available at sources in Nancy, France, which were grossly obscene. Also in the material turned over to the arresting officers was a list of materials that might be obtained from the Singapore source. This list was captioned, "actual sex photos" and gave a detailed description of grossly obscene material. Upon the trial, and over defendant's objection, the "catalogues" obtained from the defendant at the time of his arrest were admitted in evidence. The defendant claims that the admission of this material into evidence was reversible error in that the material was not proof of the fact that obscene material would, in fact, have been sent to a person ordering it from one of the concerns on defendant's list. He contends that the admission of this evidence allowed hearsay evidence to be used to prove that the materials which would have been sent would have been obscene. However, it was not necessary that the Government establish that material which would have been supplied in response to orders solicited by the defendant's advertising circulars would, in fact, have been obscene. United States v. Hornick, 3 Cir., 1956, 229 F.2d 120, 122. The Third Circuit, dealing with this subject, said:

> "We think that the offense of using the mails to give information for obtaining obscene matter is committed even though what is sent in response to the advertisement to the gullible purchasers is as innocent as a Currier and Ives print or a Turner landscape."

The material in the possession of defendant was admissible on the question of his knowledge of the kind of material that his sources were purportedly dealing in and upon his intent to furnish that kind of information in his mailings. In dealing with an earlier statute upon the same subject matter as is involved here, the Supreme Court, in the case of Grimm v. United States, 1894, 156 U.S. 604, 608, 15 S.Ct. 470, 471, 39 L.Ed. 550 had this to say:

> "It is said that the letter is not in itself obscene, lewd, or lascivious.

This also may be conceded. But however innocent on its face it may appear, if it conveyed, and was intended to convey, information in respect to the place or person where, or of whom, such objectionable matters could be obtained, it is within the statute."

Further, at page 609 of 156 U.S., at page 471 of 15 S.Ct., the court said:

"It may well be that the sender of such a letter has no single picture or other obscene publication or print in his mind, but, simply knowing where matter of an obscene character can be obtained, uses the mails to give such information to others."

We are satisfied that the material thus allowed in evidence was relevant to the issue of the defendant's guilt. Other matters are assigned as error but from our review of the record of the case we are satisfied that none of them disclose errors which should cause a reversal of the conviction of defendant under counts one and three of the indictment.

Judgment is affirmed.